## MILK PRODUCERS ASSN v LAWSON MILK CO.

Ohio Appeals, 9th Dist, Summit Co

No. 2960. Decided Feb 9, 1938

Brouse, Englebeck, McDowell, May & Bierce, Akron, for appellant.

Amer, Sophrin & Cunningham, Akron, for appellee.

## OPINION

PER CURIAM:

This was an action upon an account claimed to be owed by plaintiff, a corporation, against defendant, a milk dealer.

Plaintiff corporation was organized under Ohio law, and one of its statutory powers is to sue.

The account upon which suit was brought was one which accrued under the provisions of the Burke Act, §§1080-1 to 1080-23, GC, inclusive.

That act, among other things, provided for a monthly equilization adjustment to milk dealers, based upon the use to which milk sold to such dealers was put.

An authority provided for in said act made such adjustment, and a dealer who signed and operated under the agreement of the Milk Dealers Association became obligated to pay to such association the amount found due from such dealer by such adjustment authority.

The record here discloses that defendant was a party signatory to the "Extention of Agreement for 1934 between the Milk Producers, Milk Dealers, and the Milk Producers Association of Summit County and Vicinity," identified as plaintiff's exhibit 23-B.

The record further discloses that under the terms of the Burke Act, the rules and regulations of the Ohio Milk Marketing Commission, and plaintiff's exhibit 23-B, defendant was indebted to plaintiff in the amount set out in plaintiff's petition, which amount is not disputed.

It is claimed by defendant, however, that plaintiff does not have the right to maintain an action at law for the recovery of said amount but is exclusively relegated to the remedy provided in the Burke Act.

The trial court so held, and from a judgment dismissing plaintiff's petition, appeal on questions of law lodges the matter in this court for consideration.

This suit was filed after the Burke Act had expired by its own limitations. The Ohio Milk Marketing Commission had ceased to exist as such, but the Milk Producers Association continued to exist.

The enactment of the Burke Act did not deprive plaintiff association of its right to sue upon an account, and the expiration of that act did not relieve the defendant from its obligation to pay a debt which it agreed to pay under the Burke Act.

The judgment of the trial court will be reversed, and there being no dispute concerning the correctness of the amount involved, this court will enter the judgment which the trial court should have rendered.

Judgment may be entered for the plaintiff for $1,092.53, together with interest as prayed for in the petition, and for costs.

STEVENS, PJ, WASHBURN, J, & DOYLE, J, concur.